UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Criminal Action No.: 10-cr-20724
                                                                Civil Action No.: 14-cv-13883

v.

                                                            HON. MARK A. GOLDSMITH

JERMAINE L. McCLAIN,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 52) AND DENYING CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Before the Court is Defendant Jermaine Lashawn McClain's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 52).  Defendant claims the Court erred when it sentenced him to 151 months' imprisonment on his conviction for witness tampering, and that his counsel was ineffective for failing to raise this issue.  Defendant argues that his sentence should instead have been limited to 120 months' imprisonment.  Id.  The Government filed a response (Dkt. 56), and Defendant filed a reply (Dkt. 57).  Because the Court concludes that Defendant's argument is meritless, the Court denies Defendant's motion.

## II.  BACKGROUND

A federal grand jury returned a superseding indictment against Defendant on February 16, 2011, charging him with two counts: (i) felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and (ii) witness tampering, in violation of 18 U.S.C. § 1512(b)(1).  First Superseding Indictment (Dkt. 11).  The second count was based on a claim that Defendant "knowingly and corruptly attempted to persuade another person, with intent to influence such

1

person to testify falsely in . . . the trial of Count One of" the indictment.  Id. at 2-3 (cm/ecf pages).

A jury trial commenced on July 25, 2011, and a verdict was reached on July 28, 2011. The jury found Defendant guilty of both counts.  Verdict Form (Dkt. 23).

The Probation Department prepared a presentence investigation report ("PSR") thereafter, using the 2010 version of the United States Sentencing Guidelines ("U.S.S.G.") Manual; there were no objections to the report.[1]  The report grouped the two convictions for guideline purposes, pursuant to U.S.S.G. § 3D1.2(c).  For count one, the PSR calculated a base offense level of 20, with offense-level increases for possession of three to seven guns (2 levels), stolen firearm (2 levels), possessing the firearms in connection with another felony offense (4 levels), and obstruction of justice for the witness tampering conviction, pursuant to U.S.S.G. § 3C1.1 (2 levels).  The increases resulted in an adjusted offense level of 30.  With an offense level of 30, and a criminal history category of V, Defendant's guideline imprisonment range was 151-188 months.  However, for count one, i.e., the felon-in-possession conviction, Defendant faced a maximum statutory term of imprisonment of 120 months.  See 18 U.S.C. § 924(a)(2). The conviction for count two, on the other hand, carried a maximum statutory term of imprisonment of 240 months.  See 18 U.S.C. § 1512(b).

The Court sentenced Defendant on December 13, 2011.  See Sentencing Tr. (Dkt. 43). The Court noted that count two, i.e., the witness tampering charge, was treated as an adjustment to the guideline calculation for count one.  Id. at 5-6.  The Court then went through each of the level enhancements described above on the firearm conviction, including the addition of two

---

[1]  At sentencing, the parties agreed to two corrections to the PSR: (i) regarding the number of firearms possessed while on probation, and (ii) regarding Defendant's history of gun offenses. See Sentencing Tr. at 4-5 (Dkt. 43).  Neither of these corrections affects this decision, and the parties agreed that there were no further corrections or additions.  Id. at 5.

levels for the witness tampering conviction.  Id.  The Court ultimately sentenced Defendant to 120 months of imprisonment (the statutory maximum) for count one, and 151 months of imprisonment for count two.  Id. at 19-20.

Defendant subsequently filed an appeal raising a variety of claims, although not the issue Defendant raises for the first time here.  The United States Court of Appeals for the Sixth Circuit ultimately rejected Defendant's appellate arguments, and affirmed the sentence as substantively reasonable because it was within the guideline range.  See United States v. McClain, No. 11-2604, 2013 WL 870257, at *2 (6th Cir. Mar. 11, 2013).  This motion followed.

### III.  28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).  Non-constitutional errors are generally outside the scope of section 2255 relief.  See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000).  A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to

3

a violation of due process." <u>Watson v. United States</u>, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" <u>Valentine v. United States</u>, 488 F.3d 325, 333 (6th Cir. 2007) (quoting <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999)).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing § 2255 Cases, Rule 4(b).

## IV. ANALYSIS

Defendant's sole argument raised in his 2255 motion is that his counsel was ineffective in failing to argue against the Court's application of the sentencing guidelines.  In particular, Defendant suggests the Court improperly applied the grouping and enhancement guidelines, such that his witness tampering conviction resulted in a sentence that was 31 months higher than his conviction for felon in possession.  Def. Br. at 1-2.  Defendant suggests his sentence should have been restricted to 120 months on both counts.  <u>Id.</u> at 1, 4.  Defendant also argues that "it was improper for the court to rely on the firearm enhancements under U.S.S.G. 2K2.1 to increase the base offense level of the witness tampering count past the 120 month maximum [for the felon-in-possession conviction], where the two counts were grouped together under U.S.S.G. 3D1.2, and the base offense level for the firearm count was controlling as the underlying offense."  <u>Id.</u> at 1.

4

To satisfy the rigorous standard required to sustain a claim for ineffective assistance of counsel, Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that the defendant was prejudiced as a result of his counsel's deficient performance."  See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984)).  The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.

Both Defendant and the Government agree that Defendant's two convictions were subject to grouping under the Guidelines Manual.  See Def. Br. at 2; Gov't Resp. at 2.  Application Note 8 to U.S.S.G. § 3C1.1 makes this clear:

> If the defendant is convicted both of an obstruction offense (e.g., 18 U.S.C. § 3146 (Penalty for failure to appear); 18 U.S.C. § 1621 (Perjury generally)) and an underlying offense (the offense with respect to which the obstructive conduct occurred), the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2 (Groups of Closely Related Counts).  The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater.

In other words, in determining the applicable offense level that will apply to both convictions in the group, the Court is to take the greater of: (i) the offense level for the underlying offense, plus a 2-level adjustment for the obstruction, or (ii) the offense level for the obstruction offense.

Section 3D1.3(a) further explains how the Court is to calculate the applicable offense level for the group: "In the case of counts grouped together pursuant to § 3D1.2(a)-(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the

Group, i.e., the highest offense level of the counts in the group." The Application Notes go on to explain that, "[w]hen counts are grouped pursuant to § 3D1.2(a)-(c), the highest offense level of the counts in the group is used. Ordinarily, it is necessary to determine the offense level for each of the counts in a Group in order to ensure that the highest is correctly identified." Application Note 2 to U.S.S.G. § 3D1.3.

Here, the firearm conviction and the obstruction conviction were grouped. See U.S.S.G. §§ 3C1.1, 3D1.2(c). The Court, therefore, considered the offense level for the firearm conviction, including any applicable offense level enhancements based on Chapter Two (i.e., U.S.S.G. § 2K2.1) and Chapter Three, Part C (U.S.S.G. § 3C1.1). This offense level was higher than the offense level that would have applied to the witness tampering conviction alone. Accordingly, the Court used this offense level for determining the sentencing range for the group, i.e., both convictions. See Application Note 8 to U.S.S.G. § 3C1.1; U.S.S.G. § 3D1.3(a).

Although unclear, Defendant appears to raise two arguments against this resolution. First, Defendant suggests the 151 month sentence on the witness tampering conviction was improper, because the underlying offense — for felon in possession — was subject to a 120-month maximum under the statute. Defendant, therefore, argues that the obstruction conviction should have been similarly limited. Def. Br. at 3-4.

Defendant is mistaken. It is true that U.S.S.G. § 5G1.1(a) provides that, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." As the Government highlights, however, U.S.S.G. § 3D1.3(a) does not mention Chapter Five when determining the offense level for purposes of grouping; rather, that section considers the offense level "determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three."

6

Accordingly, the guideline range for the group based on the group's offense level remained 151-188 months' imprisonment. The fact that the Court was limited to sentencing Defendant to 120 months' imprisonment on the firearms charge does not restrict its ability to apply the group offense level and corresponding guidelines range to the obstruction conviction, particularly given that the obstruction conviction carried a statutory maximum term of imprisonment of 240 months' imprisonment. See United States v. Henry, 455 F. App'x 655, 657-658 (6th Cir. 2012) (district court did not err in limiting sentence on one grouped count to statutory maximum, and imposing higher, concurrent sentence for second grouped count based on offense level calculation). Cf. United States v. Hull, 646 F.3d 583, 586-588 (8th Cir. 2011).

Second, Defendant suggests the enhancements that were attached to the underlying firearm conviction should not affect his obstruction conviction. Def. Br. at 3-4. But this reflects a fundamental misunderstanding of how the sentencing guidelines are calculated. U.S.S.G. § 1B1.1 sets forth the process a court must follow in performing this calculation. First, the court must determine the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. Id. § 1B1.1(a)(1). Next, the court must determine the base offense level and apply any appropriate specific offense characteristics, etc. Id. § 1B1.1(a)(2). Third, the court applies adjustments related to the victim, role, and obstruction of justice, as set forth in Parts A, B, and C of Chapter Three. Id. § 1B1.1(a)(3). Fourth, where there are multiple counts of conviction, as here, the district court is to (i) repeat the above steps for each count, and then (ii) "[a]pply Part D of Chapter Three to group the various counts and adjust the offense level accordingly." Id. § 1B1.1(a)(4).

Here, the enhancements were not improperly added to the obstruction conviction. Rather, the Court implicitly determined that, after the addition of enhancements to the firearm

7

conviction — pursuant to U.S.S.G. §§ 1B1.1(a)(2) and (a)(3) — the adjusted offense level for the firearm conviction resulted in a higher offense level than for the obstruction conviction. Accordingly, the Court expressly used the firearm conviction's offense level — pursuant to U.S.S.G. §§ 1B1.1(a)(4), 3C1.1, 3D1.2, and 3D1.3 — for both counts.[2]

Defendant's reliance on United States v. Hasson, 287 F. App'x 712 (10th Cir. 2008), does not dictate a different result.  In that case, the district court determined the base offense level for both counts, grouped the counts using the higher base offense level, and then added level enhancements that were exclusive to the count with the lower base offense level.  Id. at 714-715, 718-719, and n.7.  Here, by contrast, the Court did not apply enhancements that were only applicable to the obstruction conviction — i.e., the lower base offense level conviction — after grouping.  Instead, the Court determined the offense level for the firearm conviction — including the enhancements applicable only to that conviction — and then used this offense level for the group, as the higher offense level.  The fact that this increased Defendant's guideline range on his obstruction conviction beyond what it would have been without the firearm

---

[2]  The Court expressly stated that grouping was being used and explained how it reached the offense level on the firearm conviction — the higher offense level.  See Sentencing Tr. at 5-6. Therefore, the Court implicitly calculated the offense level on the obstruction conviction, but determined it was lower than the firearm conviction's offense level.  No one objected to this recitation of the guideline calculations at sentencing.  Id.

 Moreover, even if the Court had not implicitly calculated the offense level for the obstruction conviction, Defendant has failed to explain how he was harmed by this error.  With a lower base offense level on the obstruction conviction, the applicable offense level for the group would have remained 30, i.e., the higher offense level.  See Def. Reply at 3 (recognizing that "the enhanced offense level for the gun count (i.e.[,] after all adjustments) would still produce the higher offense level of the two counts").  On the other hand, if the obstruction conviction had somehow resulted in a higher offense level than the firearm conviction after enhancements, then the obstruction conviction's offense level would have become the offense level for the group, and Defendant's guideline range would have been higher, not lower.

conviction because of grouping does not mean the guideline application was erroneous. To the contrary, this is the precise process the guidelines envision.[3]

Accordingly, Defendant's counsel was not deficient by failing to argue against what was a proper application of the guidelines, and, therefore, was not ineffective. Defendant's motion must be denied.

## V. Certificate of Appealability

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000) (internal quotation marks and citation omitted). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable

## VI. CONCLUSION

---

[3] Defendant also suggests that his offense level should have been 27. Def. Br. at 4. Defendant does not explain how he calculated this number, but it appears to be based on the fact that, with a criminal history category of V, a base offense level of 27 results in a guideline range minimum of 120 months' imprisonment — the maximum statutory term of imprisonment on his firearm conviction. In other words, Defendant appears to argue that his group offense level should have been limited by the maximum term of imprisonment he could have received on the firearm count. While a statutory maximum term of imprisonment that is below the minimum of an advisory guideline range does become the guideline range for that count, see U.S.S.G. § 5G1.1(a), that does not mean that the underlying offense level is determined based on a statutory maximum or minimum, except in certain specified instances not applicable here. See U.S.S.G. § 1B1.1(a)(2)-(3), (7) (requiring the court to first calculate the offense level based on Chapters 2 and 3, and then calculate the guideline range based on Chapter 5). But see U.S.S.G. § 4B1.1(b) (offense level for career-offender purposes may be determined based on offense statutory maximum). In other words, Defendant appears to confuse the setting of the offense level with the setting of the guideline range.

For the foregoing reasons, the Court denies Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 52).

SO ORDERED.

Dated:  April 16, 2015                    s/Mark A. Goldsmith
           Detroit, Michigan              MARK A. GOLDSMITH
                                          United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2015.

                                          s/Johnetta M. Curry-Williams
                                          Case Manager

10